UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
JAMES K. BREDAR
UNITED STATES MAGISTRATE JUDGE
MDD_JKBChambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0950 OFFICE
(410) 962-2985 FAX

July 15, 2010

TO ALL COUNSEL OF RECORD:

  Subject: *Glenda Gross v. Michael J. Astrue, Comm'r Soc. Sec. Administration*
       Civil Action No.: JKB-09-1456

Dear Counsel:

  Pending before the Court is Plaintiff's Motion for Attorney's Fees. (Paper No. 23.) The motion is premised upon the Court's earlier reversal and remand of the Defendant's ruling pertaining to Social Security Disability Income Benefits, and it is brought pursuant to 42 U.S.C. § 406(b) and 28 U.S.C. § 2412. The former statute may only serve as a basis for an award of attorney's fees when a court has rendered a judgment favorable to a claimant. 42 U.S.C. § 406(b)(1)(A). Accordingly, Plaintiff has requested a fee award contingent upon a favorable ruling after remand. The latter statute, also referred to as the Equal Access to Justice Act ("EAJA"), permits an award of attorney's fees when the Defendant's position is not substantially justified. The motion (Paper No. 23) is GRANTED.

  The Court has considered Plaintiff's motion, Defendant's response (Paper No. 29), and Plaintiff's reply (Paper No. 30). Defendant has objected to the EAJA award by arguing that its position was substantially justified. The Supreme Court has opined that a position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The *Underwood* opinion also noted,

> [A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Id.* at 566 n.2.

  At the earlier, "merits" stage of this case, Plaintiff took issue with the decision of the administrative law judge (ALJ) denying her Disability Income Benefits on three separate grounds: (1) whether the ALJ properly considered her fibromyalgia; (2) whether the ALJ properly considered her obesity and combination of impairments; and (3) whether the ALJ properly considered her pain because he did not consider the multiple medications she takes as well as their side effects. (Paper No. 20 at 2.) The Court affirmed the ALJ's decision on the first

issue, reversed and remanded on the second issue, and did not rule on the third issue, finding this unnecessary because the ALJ could address it more fully on remand. (*Id.* at 3-7.) Thus, Plaintiff achieved one of her alternative objectives, i.e., remand for further proceedings. Consequently, she may be considered a "prevailing party" under the EAJA. *Cf. Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) ("[W]hile a party may become a 'prevailing party' on a single substantive issue from which benefit is derived, satisfying one prong of the EAJA, it does not automatically follow that the government's position in the case as a whole is not substantially justified.").

The *Roanoke River* case approached the issue of substantial justification from a broad perspective:

> [W]e look beyond the issue on which the petitioner prevailed to determine, from the totality of circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation. In doing so, it is appropriate to consider the reasonable overall objectives of the government and the extent to which the alleged governmental misconduct departed from them.

*Id.*

Thus, the Fourth Circuit affirmed the lower court's conclusion that the defendant's position in the entire case was not rendered unreasonable by the two deficiencies found therein. *Id.* at 140. Plaintiff's case could be regarded as somewhat similar because of the mixed results achieved. A complicating factor in the instant case is that, for the first time, Defendant has provided some fairly persuasive cases that it did not present to the Court at the "merits" stage. (Paper No. 29 at 3-4.) It would be unreasonable to judge the defendant's position based upon its belated, supplemented argument. It seems more appropriate to evaluate whether Defendant's position was substantially justified based upon the position it actually took, not the one it may wish in hindsight it had taken.

Looking back at Defendant's earlier argument, one sees that Defendant readily acknowledged the notations in Plaintiff's medical records regarding her obesity. (Paper No. 17-1 at 5-6, 18.) Although the ALJ mentioned Plaintiff's obesity in passing, he did not evaluate it, either by itself or in combination with other impairments. (T. 14-15.)[1] It is true that Plaintiff did not claim disability due to obesity and did not testify regarding any effect her weight had upon her health or activities. Defendant has relied upon those two circumstances and various cases to argue, in effect, that the ALJ had nothing to consider on the issue. On the other hand, one of her physicians did give her a diagnosis of obesity, and another doctor regarded her as "somewhat obese" and prescribed weight reduction as part of Ms. Gross's overall pain treatment regimen. (Here, it must be noted that the third contention in Plaintiff's case was that the ALJ failed to give proper consideration to the pain she claimed to have. The Court cannot speculate whether the ALJ will find a connection between Plaintiff's obesity and her pain.) Given that Defendant's

---

[1] "T" refers to the administrative transcript filed by Defendant in this case.

own authoritative pronouncements on obesity, cited at length in the Court's prior opinion, *mandate* consideration of obesity and its effects on the claimant's health and ability to work, the Court does not conclude that Defendant's position, which failed to address the mandatory nature of Defendant's regulations and rulings, was substantially justified. This is not to say that Plaintiff is destined to win on this issue, only that the Court was correct to remand this case for the Defendant to abide by governing law.

    Plaintiff's motion is GRANTED. A separate order will be entered.

    Despite the informal nature of this letter, it shall be regarded as an Opinion, and the Clerk is directed to docket it accordingly.

    Very truly yours,

    /s/

    James K. Bredar
    United States Magistrate Judge

JKB/jh